IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN A. ORENGO,

                Petitioner,                      OPINION AND ORDER

      v.                                                 12-cv-890-wmc

LIZZY TEGELS, Warden,
Jackson Correctional Institution,

                Respondent.

---

State inmate Juan A. Orengo has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his drug trafficking conviction in Milwaukee County Case No. 03CF3178. The respondent filed his answer and both parties submitted briefing. Because Orengo is not entitled to the relief sought, his petition will now be dismissed.

BACKGROUND

In Milwaukee County Case No. 03CF3178, Orengo was charged with two counts of possession with intent to deliver greater than 200 grams of marijuana or THC and one count of possession with intent to deliver greater than 40 grams of cocaine. He was also charged with unlawful possession of a firearm as a previously convicted felon. The facts underlying the offense and the charges have been summarized as follows:

> In February of 2003, the police found marijuana and crack cocaine in a bedroom closet of Orengo's sister's home. The crack cocaine was on a plate that had Orengo's fingerprint. The police also found his wallet with

1

>four identification cards in a dresser drawer in that bedroom, as well as a loaded handgun under the mattress in that room. Orengo's sister, Anna Arias, told police that she used the bedroom, but that her brother, who had moved in one week earlier, used the bedroom closet. In March of 2003, police saw Orengo in the passenger seat of his girlfriend Jennifer Zaniewski's car. When police stopped the car, Orengo fled. The police caught Zaniewski and another passenger trying to hide bags of marijuana and drug scales.
>
>The State charged Orengo with possessing cocaine with intent to sell the crack cocaine and the marijuana from the closet, and charged both Orengo and Zaniewski with possessing with intent to sell the marijuana found in Zaniewski's car. Zaniewski plea-bargained her case and agreed to testify against Orengo. Orengo pled not guilty. When the trial court granted Orengo's motion in limine to exclude evidence of the gun found in the bedroom, the State amended the complaint to add a felon-in-possession-of-a-weapon charge. After the State rested, however, the trial court dismissed the gun charge because it determined that the State had not proved that Orengo possessed the gun. The jury found Orengo guilty of possessing with intent to sell the crack cocaine and the marijuana from the closet, but acquitted him of possessing with intent to sell the marijuana from Zaniewski's car.

*State v. Orengo*, 2012 WI App 40, ¶¶ 2-3, 340 Wis. 2d 497, 812 N.W.2d 539 (Feb. 28, 2012). Consistent with the jury's verdict, the circuit court sentenced Orengo to serve a total of 12 years' imprisonment, followed by a 6-year term of extended supervision.

In a postconviction motion, Orengo argued that he was denied effective assistance of counsel at his trial. The circuit court denied that motion. On direct appeal, Orengo argued that he was denied effective assistance of counsel at trial when his defense counsel failed to impeach one of the State's witnesses with evidence of a prior conviction for disorderly conduct. He argued further that the trial court erred by allowing the State to add a charge of felon in possession of a firearm shortly before trial, which allowed the jury to hear evidence of his status as a previously convicted felon and evidence that a firearm

2

was recovered near the drugs. The Wisconsin Court of Appeals rejected both arguments and affirmed the conviction in an unpublished opinion, *see State v. Orengo*, Appeal No. 2007AP1954-CR (Feb. 5, 2009), and the Wisconsin Supreme Court denied his petition for review.

Subsequently, Orengo filed a petition for collateral relief under Wis. Stat. § 974.06, alleging that his postconviction counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel in his original postconviction motion. In that petition, Orengo argued that he was denied effective assistance of counsel at trial when his attorney failed to seek severance of the firearm charge. Orengo argued further that his trial counsel was ineffective for failing to object to prejudicial hearsay and seek a mistrial based on that evidence. The circuit court denied Orengo's motion. The Wisconsin Court of Appeals affirmed that decision, *see State v. Orengo*, 2012 WI App 40, 340 Wis. 2d 497, 812 N.W.2d 539 (Feb. 28, 2012), and the Wisconsin Supreme Court denied his petition for review.

Orengo now contends that he is entitled to relief from his conviction under 28 U.S.C. § 2254 based on ineffective assistance of counsel at trial. In particular, Orengo argues that his trial attorney was ineffective in failing to seek a severance of the firearm charge. He also argues trial counsel was ineffective in failing to object to prejudicial hearsay and seek a mistrial based on that evidence. The respondent maintains that Orengo's claims are without merit.

OPINION

I.  **Deferential Standard of Review**

The grounds for relief raised by petitioner were adjudicated on the merits by the circuit court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court, the latter of which summarily denied review. When a state system issues multiple decisions, a federal habeas corpus court typically considers "the last reasoned opinion on the claim." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Woolley v. Rednour*, 702 F.3d 411, 421 (7th Cir. 2012) (unless a state court adopts or incorporates the reasoning of a prior opinion, 28 U.S.C. § 2254 requires federal courts to review one state decision) (citation omitted). To the extent that the claim was addressed on the merits, petitioner must show that its adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The standard outlined in § 2254(d)(1) is exacting and "highly deferential," *Burt v. Titlow*, — U.S. —, 134 S. Ct. 10, 15 (2013), demanding that state courts be given "the benefit of the doubt." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011). To prevail, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87. A state court's decision is deemed contrary to clearly

established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). This demanding standard authorizes relief only in cases "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S. Ct. at 786. In addition to the "formidable barrier" posed by this standard, *Titlow*, 134 S. Ct. at 16, the petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Orengo maintains that he was denied effective assistance of counsel at his trial. Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a petitioner generally must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

To demonstrate deficient performance, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at

687-88. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial." *Id*. at 687. "This means identifying acts or omissions of counsel that could not be the result of professional judgment. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) (internal quotation marks and citations omitted). To demonstrate actual prejudice requires a defendant to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Orengo's ineffective-assistance claims were rejected in a written opinion by the Wisconsin Court of Appeals. A review of that decision reflects that the state court accurately characterized Orengo's claims and identified the correct legal standard controlling his allegations of ineffective assistance. *See State v. Orengo*, 2012 WI App 40, ¶ 5, 340 Wis. 2d 497, 812 N.W.2d (Feb. 28, 2012) (applying the *Strickland* standard). Thus, the central question here is not whether this court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable — a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (citing *Youngblood v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, this standard is "doubly


deferential" on habeas corpus review. *Id.*; *see also Richter*, 131 S. Ct. at 788 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted). Each of Orengo's specific claims of ineffective assistance of counsel are addressed below under this exacting standard of review.

## II. Ineffective Assistance of Counsel

### A. Failure to File a Motion to Sever the Firearm Charge

Orengo contends that his trial attorney was deficient in failing to file a motion to sever the firearm charge from the drug charges. The Wisconsin Court of Appeals rejected this claim, finding that Orengo was not prejudiced by his attorney's performance:

> Wisconsin law recognizes that guns and drug dealers go together. *See State v. Guy*, 172 Wis. 2d 86, 98, 492 N.W.2d 311, 316 (1992) ("[T]hose involved in drug dealing often keep weapons handy."); *State v. Richardson*, 156 Wis. 2d 128, 144, 456 N.W.2d 830, 836 (1990) ("drug dealers and weapons go hand in hand"). Further, the trial court dismissed the gun charge at the close of the State's case because there was no evidence directly connecting the gun to Orengo. What Orengo got was arguably even better than a severance; the trial court put its imprimatur on his innocence of unlawfully possessing the gun. There was no prejudice.

*Orengo*, 2012 WI App 40, ¶¶ 7-8, 340 Wis. 2d 497, 812 N.W.2d 539.

Similar to the cases cited by the court of appeals, the Seventh Circuit has recognized that drug trafficking and firearm counts are "presumptively properly joined . . . because '[p]ossession of firearms and drug trafficking are closely related.'" *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000) (citation omitted); *see also United States v.*

*Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008) (finding that joinder was proper where evidence of both drugs and firearms offenses was recovered at the same time).  Joinder of such offenses is ordinarily proper because of the "natural inferences that may be drawn from the contemporaneous possession of guns and drugs or drug paraphernalia: the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun."  *United States v. Pigee*, 197 F.3d 879, 891 (7th Cir. 1999) (citations omitted).  Because drug and firearm counts are commonly joined, Orengo does not demonstrate that a motion to sever the firearm charge would have been successful if one had been filed.

Even assuming that his counsel was deficient for failing to file a motion to sever the drug and firearm charges in Orengo's case (or perhaps for not pressing for dismissal of that late charge in advance of trial for lack of evidence), the trial court dismissed the firearm count after finding that there was no evidence linking Orengo to the weapon.  By contrast, there was *substantia*l evidence linking Orengo to the drugs that were recovered by police wholly apart from the gun's presence.  Based on this record, Orengo does not and cannot establish that, but for the firearm charge, the result of his trial would have been different or that it is more likely than not that he would have been acquitted of the drug trafficking offenses.  Therefore, Orengo neither demonstrates the requisite prejudice nor establishes that the state court's decision on this issue was an unreasonable application of the *Strickland* standard.

8

B. Failure to Object to Hearsay and Move for a Mistrial

Orengo contends that his trial attorney was deficient for failing to object to prejudicial hearsay testimony from one of the State's witnesses and to move for a mistrial based on that testimony. The Wisconsin Court of Appeals expressly rejected this claim as well, finding that Orengo was not prejudiced by the testimony or his attorney's failure to object:

> Orengo contends that his trial lawyer gave him ineffective assistance by not objecting to a police officer's hearsay testimony, and also by not asking for a mistrial because of that testimony. The hearsay came during the cross-examination of Officer Michael Washington:
>
>> Q. Okay. And in the bedroom, southeast bedroom, was there any kind of decor, decoration that would indicate whether it was a male bedroom or a female bedroom?
>>
>> A. Well, she [Anna Arias—Orengo's sister] said it was her bedroom but that he [Orengo] occupied the closet.
>
> As we have seen, many things, other than the hearsay statement by Orengo's sister, connected him to the bedroom: his fingerprint on the plate holding the crack cocaine and his wallet. Further, Zaniewski testified that Orengo was using the closet. The hearsay was both *de minimis* and cumulative. *See Jones v. Dane County*, 195 Wis. 2d 892, 936–937, 537 N.W.2d 74, 89 (Ct. App. 1995) (defendant is not prejudiced by the admission of allegedly improper evidence that is cumulative).

*Orengo*, 2012 WI App 40, ¶¶ 10-11, 340 Wis. 2d 497, 812 N.W.2d 539.

A review of the record confirms that this other evidence linked Orengo to his sister's bedroom closet, where the drugs were found. The comment at issue was elicited by defense counsel on cross-examination. As Orengo concedes, defense counsel presumably did not object because he feared it would merely highlight or emphasize the officer's comment. While the officer should have known better and might have

prompted an admonishment from the bench, the trial judge may also have come to a similar conclusion about potentially highlighting this hearsay.

Even if counsel's failure to object was deficient, Orengo does not show that the result of his trial would have been any different. As the state courts inferred, the comment was not sufficiently prejudicial that a mistrial would have been required even if a hearsay objection had been made and sustained. *See State v. Bunch*, 191 Wis. 2d 501, 506, 529 N.W.2d 923 (Ct. App. 1995); *see also State v. Adams*, 221 Wis. 2d 1, 17, 584 N.W.2d 695 (Ct. App. 1998) ("A mistrial is appropriate only when a 'manifest necessity' exists for the termination of the trial."). In that respect, Orengo neither demonstrates that he was prejudiced by counsel's failure to object to the officer's isolated comment, nor that the state court's decision resulted in an unreasonable application of the *Strickland* standard. Because Orengo does not establish a valid claim for relief, his petition must be denied.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the

controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, the court concludes that petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Juan A. Orengo is DENIED and this case is DISMISSED with prejudice.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 20th day of January, 2015.

>BY THE COURT:
>
>/s/
>
>_____
>WILLIAM M. CONLEY
>District Judge